## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHARLES SMITH, JR., # 91945**                                               **PLAINTIFF**

**VERSUS**                                              **CAUSE NO. 3:22cv588-KHJ-MTP**

**HEATH DERRICK KEYHEA**                                                      **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Heath Derrick Keyhea's ("Keyhea") Motion to Revoke Plaintiff's *in Forma Pauperis* Status [17] and Memorandum in Support [18]. Having considered the record and the applicable law, the undersigned recommends that the motion be granted, this case be dismissed without prejudice, and the Clerk of Court be directed to reopen this civil action if the filing and administrative fees are paid within 30 days of the entry of dismissal.

Pro se Plaintiff Charles Smith, Jr., is incarcerated with the Mississippi Department of Corrections, and he initiated this action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court granted him pauper status, and Keyhea filed an Answer. On July 3, 2023, Keyhea moved to have Plaintiff's pauper status revoked, pursuant to 28 U.S.C. § 1915(g). Smith did not respond to the motion, and the time for doing so has long since expired. The Defendant's brief and submissions are now before the Court.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed *in forma pauperis* must be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." *Id.* The court must consider all actions which were

dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). Denial of *in forma pauperis* under the three strikes provision is a:

> matter[ ] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel nor penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Keyhea first asserts that Smith had three strikes under § 1915(g), at the time he filed this Complaint. For strikes, Keyhea points to the following cases: *Smith v. Johnson*, 3:00cv306 (S.D. Miss. Aug. 11, 2000); *Smith v. Brooks*, 3:19cv774 (S.D. Miss. Jul. 13, 2020); and *Smith v. Windham*, 3:21cv613 (S.D. Miss. Sept. 9, 2022).

Smith filed the instant Complaint, per the prison mailbox rule, on October 3, 2022. (Transmittal Ltr. [1-2] at 1). *Johnson*, *Brooks*, and *Windham* were all dismissed prior to that date. All three cases were brought by Smith under § 1915, in a court of the United States, while he was incarcerated with the Mississippi Department of Corrections. *Windham*, 3:21cv613; *Brooks*, 3:19cv774; *Johnson*, 3:00cv306. *Johnson* was dismissed as frivolous and for failure to state a claim. *Id*. *Brooks* was dismissed as frivolous. *Brooks*, 3:19cv774. *Windham* was dismissed for failure to state a claim. *Smith v. Windham*, 22-60544, 2023 U.S. App. LEXIS 19848 at *1 (5th Cir. Aug. 1, 2023) (aff'g dismissal of *Windham* complaint for failure to state a claim). These dismissals amount to three strikes under § 1915. Finally, it should be noted, this Court has since denied Smith pauper status under the three strikes rule, on at least two occasions.

2

*Smith v. Washington*, 3:19cv826 (S.D. Miss. May 17, 2023) (denying *ifp* on appeal); *Smith v. Cain*, 3:22cv650 (S.D. Miss. Feb. 24, 2023).   Unless the present action satisfies the imminent danger exception, Smith's pauper status must be revoked.

The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   The Fifth Circuit Court of Appeals held, "a prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP."   *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).   "Further, '[b]y using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.'"   *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Keyhea argues that Smith has not alleged any imminent danger of physical injury. According to the Complaint, on April 1, 2022, Plaintiff and another inmate had an argument in the shower and the inmate said if Keyhea cuffed the inmate in the front, he would snatch Keyhea's keys and come to Plaintiff's cell.   [1] at 5-6.   Keyhea allegedly heard this, cuffed the inmate in the front, and allowed him to run to Smith's cell, where the inmate spat in Plaintiff's left eye.   [9] at 1; [1] at 6.   He claims his eye burned and became red and irritated.   [1] at 6. Keyhea then allegedly denied him medical care, but Smith was later treated by the eye doctor. *Id.* at 5.

These allegations concern a past incident, which occurred over six months prior to the filing of the Complaint.   Smith does not assert any immediate threat to his physical health or

3

safety.  Because he does not allege that he was in imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to pauper status.  He was improvidently granted *ifp* status in this matter, and that status should be revoked.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Revoke Plaintiff's *in Forma Pauperis* Status [17] be GRANTED, pursuant to 28 U.S.C. § 1915(g), and this matter be dismissed without prejudice.  The undersigned further recommends that the Clerk of Court be directed to reopen this civil action if the $402 filing and administrative fees are paid within 30 days of the entry of dismissal.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 26th day of September, 2023.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE